**SOUTHTRUST MOBILE SERVICES, INC., Appellant,**

v.

**Scottie D. ENGLEBERT and Sandra D. Englebert, Appellees–Debtors,**

**C. Michael Stilson, Appellee–Chapter 13 Standing Trustee.**

Civ. A. No. 91–AR–1631–W.

United States District Court, N.D. Alabama, W.D.

March 2, 1992.

As Amended March 3, 1992.

Carlos E. Heaps, Heaps & Ramsey, Birmingham, Ala., for appellant.

Susan Ankenbrandt Mitchell, Birmingham, Ala., for appellees Scottie D. Englebert and Sandra D. Englebert.

Melinda L. Murphy–Dionne, Carolyn Landon, Schoel Ogle Benton Gentle & Centeno, Birmingham, Ala., for appellee C. Michael Stilson.

C. Michael Stilson, pro se.

## MEMORANDUM OPINION

ACKER, District Judge.

The court has for consideration the motion of Scottie D. Englebert and Sandra D. Englebert, appellees-debtors in the above-entitled cause, for a stay pending their appeal to the Eleventh Circuit from the order of this court entered on January 21, 1992, in *SouthTrust Mobile Services, Inc. v. Englebert*, 137 B.R. 975 (N.D.Ala.1992), remanding the matter to the bankruptcy court for proceedings consistent with this court's order. The sole ground for the motion for a stay is that these Chapter 13 debtors are financially unable to post a supersedeas bond, so that a foreclosure proceeding, if undertaken by SouthTrust

Mobile Services pending the appeal, would render the appeal moot.

As a matter of fact, not only did the Engleberts file a notice of appeal, but C. Michael Stilson, the Chapter 13 Standing Trustee, joined in the said notice of appeal. Without any participation by the Engleberts, Stilson filed the designation of the record and the statement of issues for review, clearly indicating that it is Stilson who is in charge of the appeal, just as it was he who suggested the Chapter 13 plan modification which was challenged by SouthTrust Mobile Services.

On January 21, 1992, the Supreme Court heard oral argument in *Connecticut Nat. Bank v. Germain,* Supreme Court No. 90–1791, as to which it had granted certiorari to review *Germain v. Connecticut Nat. Bank,* 926 F.2d 191 (2d Cir.1991). The issue in *Germain* is whether or not a court of appeals is authorized by 28 U.S.C. § 158(d), by negative implication or otherwise, to review any except "final orders" entered by district courts in bankruptcy cases previously appealed from the bankruptcy court to a district court. In *Germain* the district court, which had reviewed a bankruptcy court ruling, attempted to avoid this issue by certifying to the Second Circuit a non-final bankruptcy ruling by the district court pursuant to 28 U.S.C. § 1292(b). Because the "would-be" appellants here did not request or receive § 1292(b) certification by this court, the question in *Germain* is not identical to the question of whether this court's ruling of January 21, 1992, is appealable.

A case similar to *Germain* was decided on January 24, 1992, by the Sixth Circuit, *In re Baker & Getty Financial Services,* 954 F.2d 1169 (6th Cir.1992). There the Sixth Circuit held that 28 U.S.C. § 158(d) is not the exclusive provider of jurisdiction over an appeal to a circuit court of appeals, that is, if the requisites for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) are met.

The most recent case on point is *In re Cascade Energy & Metals Corp.,* 956 F.2d 935 (10th Cir.1992), which flatly holds that where further proceedings in the bankruptcy court are envisioned by the district

court's order, the district court's order is not final and appealable to the circuit court.

Although the Supreme Court has not yet spoken on the jurisdictional issue, this court cannot envision that the Supreme Court will subtract from the present unanimous view that 28 U.S.C. § 158(d) governs this issue and precludes circuit court jurisdiction over all non-final bankruptcy orders in cases which originate in the bankruptcy court, at least unless 28 U.S.C. § 1292(b) is first invoked.

The fact that there was no attempt to invoke § 1292(b) in this case necessarily leads to the conclusion that the purported joint appeal by the debtors and by the Standing Trustee is due to be dismissed by the Eleventh Circuit for lack of jurisdiction. For this reason, this court will, by separate order, deny the debtors' motion for stay pending the purported appeal.